**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NILSA LEON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 26-cv-02709-JMG |
| | : | |
| SAFECO INSURANCE, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                    **June 1, 2026**

### I.      OVERVIEW

Plaintiff Nilsa Leon brings this insurance coverage dispute against Defendant Safeco Insurance, also known as American States Insurance Company ("Defendant"),[1] alleging that Defendant refused to fairly evaluate, make an offer, or pay Plaintiff underinsured motorist ("UIM") benefits under her car insurance policy. Plaintiff further alleges that Defendant "made misrepresentations" as to her UIM coverage. Defendant moves to dismiss two of Plaintiff's claims and request for damages in excess of $50,000, and Defendant moves to strike certain allegations. For the reasons set forth below, Defendant's motion is **GRANTED in part**.

### II.     BACKGROUND[2]

On or about July 9, 2024, Plaintiff was in a motor vehicle accident with a third-party tortfeasor. *See* Compl. ¶¶ 3-5 (ECF No. 1-4). Plaintiff suffered serious injuries, including disc

---

[1] Defendant notes that Plaintiff incorrectly identified Safeco Insurance as the defendant. *See* Def.'s Br. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Br. in Supp."), at 1 (ECF No. 7-2).

[2] The Court accepts Plaintiff's factual allegations as true, as we must at this early stage.

herniation, disc protrusion, radiculopathy, cervical spine sprain and strain, thoracic spine sprain and strain, lumbar spine sprain and strain, right wrist sprain and pain, traumatic brain injury, post-concussion syndrome, and headaches. *See id.* ¶ 19. With the consent of Defendant, Plaintiff settled the claim with the third-party tortfeasor for $15,000, exhausting the third-party insurance benefits available to Plaintiff. *See id.* ¶¶ 8-9.

At the time of the accident, Plaintiff had UIM coverage of $50,000. *See id.* ¶ 12. Plaintiff submitted a UIM claim to Defendant and gave Defendant a "complete packet of medical specials . . . for purposes of obtaining a settlement offer for Plaintiff's" claim. *See id.* ¶ 14. However, Defendant "made misrepresentations to Plaintiff" when evaluating Plaintiff's claim, "refused to fairly evaluate" the UIM claim, refused to "make any offer," and refused to "make payments." *See id.* ¶¶ 15-17, 24, 26-27, 30-31, 36. Accordingly, Plaintiff filed this Complaint in the Philadelphia County Court of Common Pleas, bringing claims against Defendant for breach of contract, bad faith under 42 Pa. C.S. § 8371, and violating Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). *See id.*

Defendant timely removed and moved to dismiss Plaintiff's bad faith and UTPCPL claims, moved to limit Plaintiff's breach of contract damages, and moved to strike allegations in Plaintiff's breach of contract claim. *See generally* Notice of Removal (ECF No. 1); Def.'s Br. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Br. in Supp.") (ECF No. 7-2). Plaintiff responded in an untimely manner[3] and failed to address the limitation of damages.[4] *See generally* Pl.'s Br. In Supp. of Pl.'s

---

[3] Plaintiff had 14 days to file a response. *See* E.D. PA. L.R. 7.1(c). Plaintiff's counseled response was filed four days late. The Court will not consider the merits of Plaintiff's future filings if they are late.

[4] The Court will touch briefly on Plaintiff's allegations with respect to Defense Counsel. Plaintiff claims that Defense Counsel did not confer with Plaintiff's Counsel seven days before filing Defendant's Motion to Dismiss. *See* Pl.'s Opp'n Br., at 8. Plaintiff further alleges that

Reply in Opp'n to Def.'s Liberty Mut. Pers. Ins. Co. [sic] Mot. to Dismiss ("Pl.'s Opp'n Br.")

(ECF No. 11-2).

### III.   LEGAL STANDARD

#### a.   Rule 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a

---

Defense Counsel failed to provide a proposed stipulation and the Motion to Plaintiff's Counsel. *See id.* Plaintiff contends this type of conduct is "Defendant's regular practice." *See id.*

In response, Defense Counsel claims that he spelled Plaintiff's Counsel's email address incorrectly. *See* Reply Br. in Supp. of Def.'s Mots. to Dismiss, at 3 (ECF No. 16). Plaintiff counters in a sur-reply—filed without leave in violation of this Court's Policies and Procedures—that Defense Counsel should have received an undeliverable response, and Plaintiff's Counsel's correct email address was listed on the Certificate of Service attached to Defendant's Notice of Removal. *See* Pl.'s Reply to Def.'s Reply to Def.'s Mot. to Dismiss, at 1 (ECF No. 17). Plaintiff also asserts that Plaintiff's Counsel and Defense Counsel have shared cases in the past and never had email issues. *See id.*

The Court will take Defense Counsel at his word that this alleged typographical error was unintentional, as he is an officer of the Court. But let it be clear to all counsel: the Court will not tolerate counsel behaving in an uncivil manner.

3

legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

### b. Rule 12(f) Motion to Strike

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* FED. R. CIV. P. 12(f). Though courts have "considerable discretion" when ruling on a motion to strike, *see Amres Corp. v. Nextres LLC*, No. CV 24-824, 2025 WL 77068, at *2 (E.D. Pa. Jan. 9, 2025), these motions are generally disfavored. *See Divine Equal. Righteous v. Overbrook Sch. for the Blind*, No. CV 23-846, 2023 WL 4763994, at *11 (E.D. Pa. July 26, 2023) (citing *Kaetz v. Wolfson*, 2022 WL 4115505, at *1 n.2 (3d Cir. Sept. 9, 2022)). "[S]triking a pleading or a portion of a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice.'" *Lee v. Dubose Nat'l Energy Servs., Inc.*, No. CV 18-2504, 2019 WL 1897164, at *4 (E.D. Pa. Apr. 29, 2019) (citation omitted). "[O]nly allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken." *Divine Equal. Righteous*, 2023 WL 4763994, at *11; *see also Dubose Nat'l Energy Servs., Inc.*, 2019 WL 1897164, at *4 (explaining Rule 12(f) motions "will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case").

### IV.    ANALYSIS

#### a. Motion to Dismiss

##### 1. Bad Faith Claim

An insurer may not act in bad faith toward its insured in handling the insured's claim. *See* 42 Pa. C.S. § 8371; *Campanile v. Hanover Ins. Co.*, No. CV 25-3028, 2025 WL 2350863, at *2 (E.D. Pa. Aug. 13, 2025) (citing *O'Donnell v. Allstate Ins. Co.*, 734 A.2d 901, 906 (Pa. Super. Ct. 1999)). To state a claim for bad faith, Plaintiff must plead facts showing that Defendant: (1) "did

4

not have a reasonable basis for denying benefits under the policy," and (2) "knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *See Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017). Plaintiff's "subjective belief as to the value of her claims is not indicative of bad faith." *Brown v. LM Gen. Ins. Co.*, No. CV 21-2134, 2021 WL 3809075, at *3 (E.D. Pa. Aug. 26, 2021) (quoting *Canfield v. Amica Mut. Ins. Co.*, No. CV 20-2794, 2020 WL 5878261, at *4 (E.D. Pa. Oct. 2, 2020)). Rather, to survive a motion to dismiss, Plaintiff "must make specific factual allegations demonstrating what [D]efendant's conduct was, and why such conduct was in bad faith." *Campanile*, 2025 WL 2350863, at *2 (citing *Krantz v. Peerless Indem. Ins. Co.*, Civ. A. No. 18-3450, 2019 WL 1123150, at *4 (E.D. Pa. Mar. 12, 2019)); *see also Tartikoff v. USAA Cas. Ins. Co.*, No. CV 23-1590, 2024 WL 2925315, at *6 (E.D. Pa. June 7, 2024) ("Because bad faith claims are fact-specific, to survive a motion to dismiss, 'a plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements.'" (quoting *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017))).

Plaintiff alleges that Defendant acted in bad faith "by failing to make any offer or make payments" under Plaintiff's UIM benefits despite Plaintiff forwarding "a complete packet of medical specials" to Defendant and Plaintiff suffering from, among other injuries, disc herniation, disc protrusion, and cervical spine sprain and strain. *See* Compl. ¶¶ 14, 19, 26. Plaintiff further alleges that Defendant's agent, Tricia Agnew, made "misrepresentations concerning the underinsured motorist claim," failed to "make any offer," and failed "to make any payments." *See id.* ¶¶ 27, 31. Nowhere does Plaintiff describe those misrepresentations. *See Rosario v. Liberty Mut. Pers. Ins. Co.*, No. CV 26-276, 2026 WL 413438, at *3 (E.D. Pa. Feb. 13, 2026) (explaining plaintiff "must allege the 'who, what, where, when, and how the alleged bad faith conduct occurred'" (quoting *Barbor v. State Farm Fire and Cas. Co.*, No. 24-521, 2024 WL 3678660, at

5

*6 (E.D. Pa. Aug. 6, 2024)). Instead, Plaintiff's bad faith claim is almost entirely legal conclusions. Courts have dismissed bad faith claims under similar circumstances. *See Tartikoff*, 2024 WL 2925315, at *6-7.

Worse yet though, the factual allegations that do exist in the Verified Complaint contradict Plaintiff's brief. Plaintiff pleads no less than three times that Defendant failed to make any offer. *See* Compl. ¶¶ 26, 27, 30. But Plaintiff's brief states that Defendant made a settlement offer of $11,000. *See* Pl.'s Opp'n Br., at 8. That contradiction exceeds the boundaries of advocacy.[5]

Plaintiff's surviving allegations—when read in conjunction with the brief[6]—boil down to a perceived low-ball offer, amounting to 22% of the potential UIM claim. Because "a disagreement over settlement amount cannot, without more, amount to bad faith," Defendant's motion to dismiss Plaintiff's bad faith claim is **GRANTED**. *See Tartikoff*, 2024 WL 2925315, at *8 (quoting *McDonough v. State Farm Fire & Cas. Co.*, 365 F. Supp. 3d 552, 558 (E.D. Pa. 2019)); *see also McIntosh v. USAA Cas. Ins. Co.*, No. 2:23-CV-02958-JDW, 2023 WL 6543504, at *2 (E.D. Pa. Oct. 6, 2023) ("[T]here's nothing improper about an insurer valuing a claim differently than its insured, even if the insurer's valuation is a product of bad judgment."). However, the Court will grant Plaintiff leave to file an amended complaint.

### 2. Unfair Trade Practices and Consumer Protection Law Claim

Defendant moves to dismiss Plaintiff's claim under the Unfair Trade Practices and Consumer Protection Law. *See* Def.'s Br. in Supp., at 10-12. Plaintiff agrees to dismiss this claim

---

[5] The Court will accept at this point that this factual discrepancy was the result of an honest mistake rather than an issue of candor.

[6] Though the standard on a motion to dismiss requires the Court to review the allegations contained in the Complaint, the Court cannot unsee Plaintiff's admission that Defendant did make a settlement offer.

without prejudice. Accordingly, Defendant's motion to dismiss Plaintiff's UTPCPL claim is **GRANTED**.

### 3. Breach of Contract: Request for Judgment in Excess of Policy Limit

Defendant asks the Court to dismiss or strike Plaintiff's request for damages, interest, and costs in excess of $50,000 because Plaintiff's UIM policy provides up to $50,000 in coverage. *See* Def.'s Br. in Supp., at 18. Because Plaintiff's policy is capped at $50,000, Defendant argues that any recovery Plaintiff receives as to Count I is limited to $50,000. *See id.* (citing *Marlette v. State Farm Mut. Auto. Ins. Co.*, 57 A. 3d 1224 (Pa. 2012); *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F. 3d 182 (3d Cir. 2021)).

Plaintiff, who is represented by counsel, failed to respond to this motion. *See generally* Pl.'s Opp'n Br. Accordingly, the Court will treat the motion as uncontested, *see* E.D. PA. L.R. 7.1(c), and will **GRANT** Defendant' motion. *Damico v. Harrah's Phila. Casino & Racetrack*, No. CIV.A. 14-06091, 2015 WL 731229, at *1 (E.D. Pa. Feb. 20, 2015) (citing *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991)) (explaining district court may grant motion to dismiss without merits analysis "if a party represented by counsel fails to oppose a motion to dismiss"). However, due to Defendant's failure to confer pursuant to the Court's policies and procedures, the Court will grant Plaintiff leave to amend.

### b. Motion to Strike

Defendant moves to strike Plaintiff's allegations that: "Defendant has refused to fairly evaluate Plaintiff's underinsured motorist claim," "Defendant has refused to make any viable settlement offers regarding Plaintiff's underinsured motorist claim," and "Defendant has made misrepresentations to Plaintiff regarding its evaluation of Plaintiff's underinsured motorist claim." *See* Def.'s Br. in Supp., at 14-15. Defendant argues that Plaintiff's allegations are "immaterial and impertinent to the issues of third party liability and/or damages." *See id.* at 16. These allegations,

7

though conclusory, are not "so unrelated" to Plaintiff's breach of contract claim "as to be unworthy of any consideration should be stricken." *See Divine Equal. Righteous*, 2023 WL 4763994, at \*11. Accordingly, the Court exercises its discretion and **DENIES** Defendant's motion to strike.

## V.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED in part**. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge